UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN JOHN HUIRAS,

        Plaintiff,

                                                      Case No. 22-cv-575-pp

   v.

STEVEN BEAL, PATRICIA HANSON,
KELLY LARSEN, JESSICA ANNE GRUNDBERG,
JOHN M WAGNER, JUDGE KRISTIN CAFFERTY
and MEGAN MCGEE NORRIS,

        Defendant.

---

**ORDER STRIKING PLAINTIFF'S PROPOSED SECOND, THIRD AND FOURTH AMENDED COMPLPAINTS (DKT. NOS. 9, 15, 18), REQUIRING PLAINTIFF TO FILE A FIFTH AMENDED COMPLAINT, DENYING WITH PREJUDICE PLAINTIFF'S MOTION TO TRANSFER STATE COURT CASE TO FEDERAL COURT (DKT. NO. 23), DEFERING RULING ON DEFENDANT GRUNDBERG'S MOTION TO DISMISS (DKT. NO. 5), DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS (DKT. NO. 24) AND DEFERRING RULING ON DEFENDNAT MCGEE NORRIS'S MOTION TO DISMISS (DKT. NO. 29)**

---

On May 16, 2022, the plaintiff, representing himself, filed a complaint in federal court alleging that he'd been improperly charged with a felony in state court and alleging improper conduct in his state-court family case. Dkt. No. 1. The plaintiff asserted that the conduct of which he complained constituted malicious prosecution. Id. at 4. He sued Judge Kristen Cafferty, Attorney Megan McGee Norris, Attorney Jessica Anne Grundberg, Attorney Patricia Hanson, Attorney Jeffrey Leggett and Social Worker Andrew Patch. Id. at 1. For relief, the plaintiff asked the court to stay both Racine County cases. Id. at 4.

1

The next day, the court received from the plaintiff an amended complaint providing more information on the circumstances underlying his claims. Dkt. No. 3. The amended complaint—which took the place of the original complaint—named as defendants "Steven Beal (Racine Police Dept), Patricia Hanson (Racine County District Attorney), Atty Jessica Anne Grundberg, Kelly Larsen (Racine County Assistant DA), John M Wagner (Racine Cty ADA), Judge Kristin Cafferty, Guardian Ad Litem Megan McGee Norris." Id. at 1. The plaintiff explained that the criminal charge arose out of a small claims suit he filed against Social Worker Patch, and that even though the small claims case had been dismissed by Judge Cafferty, the felony charges "remained open." Id. at 2-3. He alleged that an officer of the family court violated his rights by creating a felony criminal complaint against him "without proper service." Id. at 2. He also alleged that "Racine County" had searched and seized his property, hacked his phone, caused him to miss work due to unusable Wi-Fi, hacked his credit card—all to "create more enforcement wards under the agenda of the Wisconsin Child Support Agency to maintain the maximum amount of money" coming into the child support statutory scheme and to provide more billable hours for the guardian *ad litem*. Id. at 3. For relief, he asked the court to remove the Wisconsin criminal case to federal court, to quash all warrants related to the state-court case, and to stay the family court case. Id. at 4.

On May 19, defendant Jessica Grundberg filed file a motion to dismiss the amended complaint, asserting that it failed to state a claim against her. Dkt. No. 5. Four days later, the court received from the plaintiff another amended complaint; he did not seek leave of the court before filing it. This second amended complaint named as defendants "Steven Beal (Racine Police Dept), Kelly Larsen (Racine County ADA), John M Wagner (Racine County ADA), Judge Kristin Cafferty, Guardian Ad Litem Megan McGee Norris, J, Andrew Patch;" the names "Patricia Hanson (Racine County District Attorney)" and "Attorney Jessica Grundberg" had been marked out. Dkt. No. 9 at 1. The allegations in this second amended complaint were similar to the allegations in the first amended complaint but added specific allegations against Andrew Patch. Id. at 2-3. For relief, the plaintiff asked the court to "dismiss all charges," asserting that he was a threat to no one; to quash all warrants "related to this case;" and to stay the family court case. Id. at 4.

On May 27, 2022—four days after the court received the second amended complaint and after it had received waivers of service from two defendants—the court received yet another amended complaint. Dkt. No. 15. The third amended complaint was identical to the second amended complaint with two exceptions: on line (A)(2) on the first page, the plaintiff had scratched out the name "Patricia Hanson" in the "Defendant" field and written "Racine Police Officer Steven Beal #7303," and in the field for "Employer's name and address" at the top of page 2, the plaintiff had scratched out "9th Floor 730 Wisconsin Avenue" and written in "730 Center St." Id. at 1-2.

3

Five days later, on June 2, the court received another amended complaint. Dkt. No. 18. The parties and allegations were identical to those alleged in the third amended complaint, although the plaintiff had typed in names that he'd hand-written in the prior version. But in the "RELIEF WANTED" section on the fourth page, the fourth amended complaint stated:

> I ask for relief from the following parties respectively—
>
> Steven Beal – Recover all costs related to your complaint and summons that you filed with Racine Police Department such as attorney fees, process server fees, etc
>
> Kristin Cafferty - To Cast all family court fees on to Racine County that will be charged to the respondent in Case 2021FA000592. Also any sanctions related to this case to be removed and dismissed
>
> Andrew Patch – Recover all Family Court Worker costs associated to the respondent in Racine Family Court Case 2021FA000592 such as FCW fees, process service fees, Work PTO,
>
> John M Wagner/Kelly Larsen – All costs related to appearing in court for Case 2022CF000630
>
> Megan McGee Norris – Recover all guardian ad litem related costs associated to Racine Family Court Case 2022FA00592 and all of the damages associated to the emotional distress of Megan McGee Norris attempting to assess my mental health without a license to practice psychology.

Id. at 4.

The next day—June 3, 2022—the defendants represented by the Wisconsin Department of Justice (all but Grundberg and Norris) filed a letter stating that they did not object to the plaintiff's fourth amended complaint. Dkt. No. 22. The DOJ-represented defendants asked the court to set the responsive pleading deadline sixty days from the date the fourth amended complaint was docketed. Id. at 1. They also asked that the court dismiss as a

4

defendant Patricia Hanson, who was not named in the fourth amended complaint. Id.

On June 13, 2022, the court received from the plaintiff a separate motion asking the court to transfer 2021FA000592 to federal court. Dkt. No. 23. He disputed findings made by Judge Kristin Cafferty in that case and argued that he needed the case transferred to federal court so that his constitutional rights could be respected. Id. at 1-2. The same day, the court received from the plaintiff a motion asking the court to "update" the list of defendants to reflect only Beal, Larsen, Wagner, Cafferty, McGee Norris and Patch. Dkt. No. 24.

On June 15, 2022, defendant Megan McGee Norris filed a motion to dismiss. Dkt. No. 29.

**I.     Operative Complaint**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend his pleadings one time "as a matter of course"—that is, without asking the court's permission—if he does so within twenty-one days after serving the complaint or within twenty-one days after service of a responsive pleading (such as an answer). Otherwise, the plaintiff must file a motion asking the court for permission, or "leave," to amend the pleading. Fed. R. Civ. P. 15(a)(2). The rule advises that the court "should freely give" such permission "when justice so requires."

The plaintiff's May 17, 2022 first amended complaint (Dkt. No. 3) was the single amended complaint that the rule allowed him to file "as a matter of course"—without the court's permission. Rule 15(a)(2) required him to ask the

5

court's permission before filing each of the other three amendments. There is a reason for requiring a plaintiff to ask the court's permission before filing second or third or fourth amendments—even though the rule encourages courts to grant permission to amend when justice so requires, the court has the discretion to deny permission to amend "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001) (citations omitted).

The plaintiff's filing of five complaints in the span of three weeks has caused confusion. He has named different defendants in different complaints, leaving the defendants to wonder which complaint they should answer. Some defendants waived service of earlier complaints only to receive amended complaints after doing so. At least one defendant—Jessica Grundberg[1]—was confused about whether the plaintiff intended to dismiss her. The plaintiff has asked for different forms of relief in different complaints, causing confusion about what relief he seeks. The plaintiff's June 13, 2022 motion asking the court to "update the list of defendants" is not the proper way to clean up any errors in the earlier complaints; only an amended complaint (filed with the

---

[1] Some of the confusion also was caused by the court's staff, which misread the last names of some of the defendants and typed them into the docket incorrectly, causing those defendants to try to correct the errors and the plaintiff to accuse some defendants of having caused the misspellings to prejudice him. Those errors were made by the court, not the defendants.

court's permission, if it is a second or subsequent amended complaint) can change the list of defendants.

The court understands that the plaintiff is not a lawyer and that he is representing himself—to use the Latin term, he is proceeding "*pro se.*" But "[e]ven pro se litigants are obliged to follow procedural rules." <u>McCurry v. Kenco Logistics Servs., LLC</u>, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (citing <u>Members v. Paige</u>, 140 F.3d 699, 702 (7th Cir. 1998)). Because the plaintiff did not ask the court's permission to file the second (Dkt. No. 9), third (Dkt. No. 15) or fourth (Dkt. No. 18) amended complaints, the first amended complaint (Dkt. No. 3) is the operative complaint. This means that the defendants need not, and should not, respond to the subsequent amended complaints at Dkt. Nos. 9, 15 and 18.

The court will allow the plaintiff to file a fifth amended complaint. The plaintiff must write "FIFTH" above the words "AMENDED COMPLAINT" at the top of the first page. The plaintiff should list as a defendant only those individuals against whom he wishes to proceed. In the "Statement of Claim" section on pages 2-3, the plaintiff should describe the "who, what, when, where, why, how" information about his claims against each defendant. Who injured him? What did each defendant do to injure him? When did they do it? Where did they do it? If he knows, why did they do it? And how did they injure him? If the plaintiff names a defendant on page one, there should be information in the "Statement of Claim" section describing what that defendant allegedly did to violate the plaintiff's rights.

7

Case 2:22-cv-00575-PP   Filed 06/17/22   Page 7 of 12   Document 32

If the plaintiff files a fifth amended complaint in time for the court to *receive* it by the deadline the court sets below, that complaint will take the place of, or "supersede," all the previous complaints. See Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("an amended complaint supersedes an original complaint and renders the original complaint void.") That means that the plaintiff must put *all* the information about each of his claims against each of the defendants in the fifth amended complaint. The court's local rule requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15(a) (E.D. Wis.). This means that the fifth amended complaint must be complete and must stand on its own; the plaintiff may not refer the court back to facts or allegations included in previous complaints.

If the plaintiff files a fifth amended complaint in time for the court to *receive* it by the deadline the court sets below, the defendants named in that fifth amended complaint (and only the defendants named in the fifth amended complaint) must answer or otherwise respond to the fifth amended complaint as specified in Fed. R. Civ. P. 12(a).

The court notes that the case numbers the plaintiff mentioned in the various complaints—2021FA000592 and 2022CF000630—correlate with cases currently pending in Racine County Circuit Court. In re the Marriage of Nicole Huiras and Nathan Huiras, Case No. 2021FA000592 (Racine County Circuit Court) is a divorce proceeding pending before Racine County Circuit Court

Judge Kristin M. Cafferty; there is a contempt hearing scheduled for July 1, 2022 at 11:00 a.m. (Public docket available at https://wcca.wicourts.gov, last visited June 16, 2022). State of Wisconsin v. Nathan J. Huiras, Case No. 2022CF000630 (Racine County Circuit Court) involves a Class H felony charge of threats to injure/accuse of crime pending before Judge Robert S. Repischak; there is a preliminary hearing scheduled for July 20, 2022 at 8:30 a.m. Id. One of the individuals the plaintiff has named as a defendant is the judge in his divorce case. The Supreme Court has long held that judges are not liable for acts committed within their judicial jurisdiction:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher, supra*, 349, note, at 350). It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

Pierson v. Ray, 386 U.S. 547, 554 (1967).

The same is true of individual prosecutors (such as assistant district attorneys): "they are entitled to absolute immunity from suit for exercising their discretion to bring charges during the judicial phase of the criminal process, even if the decision is made maliciously." Omegbu v. Milwaukee Cty., 326 F.

App'x 940, 942 (7th Cir. 2009) (citing, *inter alias*, Imbler v. Pachtman, 424 U.S. 409, 428-29 (1976)). Some of the defendants the plaintiff has named in prior complaints may be immune from suit.

The fact that the two state cases are pending also is relevant. With regard to the divorce case, federal courts have declined to adjudicate claims that "threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government . . . ." J.B. v. Woodard, 997 F.3d 714, 723 (7th Cir. 2021) (citing DuBroff v. DuBroff, 833 F.2d 557, 561 (5th Cir. 1987)). As for the ongoing criminal case, Younger v. Harris, 401 U.S. 37 (1971) requires federal courts to "abstain" from exercising their jurisdiction "over federal claims that seek to interfere with pending state court proceedings" when that intervention "would intrude into ongoing state criminal proceedings." Woodard, 997 F.3d at 722.

The plaintiff may wish to keep these higher court rulings in mind when crafting his fifth amended complaint.

## II. Plaintiff's Motion to Transfer Wisconsin Case 2021FA000592 Into Federal Court (Dkt. No. 23)

The plaintiff has asked this federal court to transfer the Racine County family court case to federal court. Dkt. No. 23. There is no procedural mechanism by which the plaintiff can transfer a case from state court to federal court by motion. A state-court defendant may remove a case from state court to federal court under 28 U.S.C. §1441 or §1442(a)(1), but neither of those statutes applies here. A defendant may remove a *civil* case from state to federal court only if the federal court would have had original jurisdiction over

10

it (in other words, if the civil case involves a federal law dispute or is a suit between citizens of different states). Section 1442 allows federal officers or agencies sued or prosecuted in state court to remove the case to federal court. Neither of those circumstances appears present here. And a defendant seeking to remove a civil case from state to federal court must follow specific procedures, which the plaintiff has not followed. See 28 U.S.C. §1446.

The court will deny this motion.

### III. Defendant Grundberg's Motion to Dismss (Dkt. No. 5), Plaintiff's Motion to Dismiss Defendants (Dkt. No. 24), Defendant Norris's Motion to Dismiss (Dkt. No. 29)

Because the court is allowing the plaintiff to file a fifth amended complaint identifying the defendants he wishes to sue, the court will defer ruling on defendant Grundberg's motion to dismiss and defendant Norris's motion to dismiss.

As for the plaintiff's motion to dismiss defendants, the court will deny it. Although the motion is titled "Motion to Dismiss Defendants," dkt. no. 24 at 1, it does not actually ask the court to dismiss anyone. Rather, it asks the court to "update the list of defendants." Id. at 2. As the court has noted, the court does not "update" complaints. The plaintiff may ensure that the fifth amended complaint contains only those defendants whom he wishes to sue by timely filing it; once he files the fifth amended complaint, it will take the place of the previous complaints and any defendants not named in the fifth amended complaint will no longer be defendants in the lawsuit.

11

## IV. Conclusion

The court **ORDERS** that the plaintiff may file a fifth amended complaint on the court's form in time for the court to *receive* it by the end of the day on **July 8, 2022**. If the court does not receive a fifth amended complaint from the plaintiff by the end of the day on July 8, 2022, the court will deem the first amended complaint as the operative complaint and will require the defendants named in the first amended complaint to answer or otherwise respond to that complaint.

The court **STRIKES** the plaintiff's second, third and fourth amended complaints. Dkt. Nos. 9, 15, 18.

The court **DENIES WITH PREJUDICE** the plaintiff's motion to transfer his Racine County family court case to federal court. Dkt. No. 23.

The court **DEFERS** ruling on defendant Jessica Grundberg's motion to dismiss. Dkt. No. 5.

The court **DENIES** the plaintiff's motion to dismiss defendants. Dkt. No. 24.

The court **DEFERS** ruling on defendant Megan McGee Norris's motion to dismiss. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 17th day of June, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**